UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| GEORGE F. SANDERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CAUSE NO. 1:05-CV-238 TS |
| v. | ) | |
| | ) | |
| JOHN C. BOHDAN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

George F. Sanders, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, does not state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, which does not state a claim upon which relief can be granted. The Court applies the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). *Weiss v. Colley*, 230 F.3d 1027 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
>
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Sanders alleges that he was denied discovery in his state criminal case, denied due process in his state criminal case, and denied his right against self-incrimination by his public defender John C. Bohdan, Allen County Superior Court Judge Fran C. Gull, and Deputy Prosecutor Stacey R. Speith. Mr. Sanders alleges that a letter he wrote to the judge in connection with a plea agreement was introduced into evidence.

Giving to the clerk a letter received by the judge and later ruling on the admissibility of evidence are judicial acts. A state court judge is entitled to absolute immunity for judicial acts regarding matters within the court's jurisdiction, even if the judge's "exercise of authority is flawed by the commission of grave procedural errors." *Stump v. Sparkman*, 435 U.S. 439, 359 (1978). Therefore, the judge and the related claims must be dismissed.

Criminal defense attorneys cannot be sued under 42 U.S.C. § 1983, because a defense attorney, even an appointed public defender, does not act under color of state law. *Polk County v. Dodson*, 454 U.S. 312 (1981). Therefore the public defender and the related claims must be dismissed.

Finally, prosecutors have absolute immunity for the initiation and pursuit of a criminal prosecution, including presenting the state's case at trial or any other conduct "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). "In initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler*, 424 U.S. at 431. This immunity applies even where the prosecutor acts "maliciously, unreasonably, without probable cause, or even on the basis of false

testimony or evidence." *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986). Negotiating plea agreements and presenting evidence at trial are "intimately associated with the judicial phase of the criminal process." Therefore, those claims must be dismissed.

Additionally, Mr. Sanders alleges that the prosecutor took home and altered his police interrogation videotape. He alleges that these alterations prejudiced his criminal trial and made him inaudible to the jury. Where the successful prosecution of a civil rights case would undermine or imply the invalidity of a criminal prosecution, the civil rights case cannot proceed without proof "that the conviction was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486–7 (1994). Here, if Mr. Sanders prevailed on his claim related to the alteration of the police interrogation videotape, he would undermine or imply the invalidity of his criminal prosecution. This he cannot do in a civil rights case. Therefore, this last claim against the prosecutor must also be dismissed.

For the foregoing reasons, the court **DISMISSES** this case pursuant to 28 U.S.C. 1915A.

SO ORDERED on August 3, 2005.

   S/ Theresa L. Springmann  
THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT